FILED

Oct 05 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

ALDEN F. ABBOTT
General Counsel

N. DIANA CHANG, Cal. Bar No. 287624
EMILY COPE BURTON, Cal. Bar No. 221127
SARAH SCHROEDER, Cal. Bar No. 221528
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Email: nchang@ftc.gov, eburton@ftc.gov, sschroeder@ftc.gov
Tel: (415) 848-5100; Fax: (415) 848-5184

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. __C20-6919VC__ |
| Plaintiff, | **FILED UNDER SEAL** |
| v. | **COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |
| DISRUPTION THEORY LLC, a limited liability company, also d/b/a inmatecall.com and inmatecallsolutions.com, | |
| EMERGENT TECHNOLOGIES LLC, a limited liability company, also d/b/a inmatecall.com and inmatecallsolutions.com, | |
| MARC GRISHAM, a/k/a Mark Grisham, individually and also d/b/a inmatecall.com and inmatecallsolutions.com, and as Manager of Disruption Theory LLC, and | |
| COURTNEY GRISHAM, a/k/a Courtney Brooks, individually and also d/b/a inmatecall.com and inmatecallsolutions.com, and as President, Director, and Ultimate Beneficial Owner of Disruption Theory LLC, | |
| Defendants. | |

COMPLAINT

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1.      The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2), (c)(2), and (d) and 15 U.S.C. § 53(b).

4.      Assignment to the San Francisco Division is proper pursuant to Local Rule 3–2(d) because Defendants have advertised and sold their services in San Francisco County to numerous consumers who reside in the county.

### PLAINTIFF

5.      The FTC is an independent agency of the United States Government created by statute.  15 U.S.C. §§ 41–58.  The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

6.      The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.  15 U.S.C. §§ 53(b).

### DEFENDANTS

7.      Defendant Disruption Theory LLC ("Disruption Theory"), also doing business as inmatecall.com and inmatecallsolutions.com (collectively, the "Inmate Call websites"), is a Colorado limited liability company with its principal place of business at 2331 W. Hampden

COMPLAINT                                                                                              1

Avenue, Suite 116, Englewood, CO 80110.  From April 9, 2019, until June 14, 2019, Disruption Theory was incorporated in Texas with its principal place of business at 8745 Gary Burns Drive, Suite 160, Frisco, TX 75034.  Disruption Theory transacts or has transacted business in this District and throughout the United States.  At all times material to this Complaint, acting alone or in concert with others, Disruption Theory has advertised, marketed, distributed, or sold "unlimited" minutes calling plans through the Inmate Call websites to consumers throughout the United States.

8.      Defendant Emergent Technologies LLC ("Emergent Technologies"), also doing business as the Inmate Call websites, is a Colorado limited liability company with its principal place of business at 2000 S. Colorado Blvd., Tower One, Suite 2000, Denver, CO 80222. Emergent Technologies transacts or has transacted business in this District and throughout the United States.  At all times material to this Complaint, acting alone or in concert with others, Emergent Technologies has advertised, marketed, distributed, or sold "unlimited" minutes calling plans through the Inmate Call websites to consumers throughout the United States.

9.      Defendant Marc Grisham, also known as Mark Grisham, is an individual who has done business as the Inmate Call websites.  He was also the Manager of Disruption Theory while it was incorporated in Texas.  At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Disruption Theory and Emergent Technologies, including the acts and practices set forth in this Complaint.  Defendant Marc Grisham resides in Frisco, Texas and, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

10.     Defendant Courtney Grisham, also known as Courtney Brooks, is an individual who has done business as the Inmate Call websites.  She identified herself as the President, Director, and Ultimate Beneficial Owner of Disruption Theory.  She is married to Defendant Marc Grisham.  Her mother, Teena Garrett, is Emergent Technologies' registered agent.  At all times material to this complaint, acting alone or in concert with others, Defendant Courtney

Grisham has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Disruption Theory and Emergent Technologies, including the acts and practices set forth in this Complaint.  Defendant Courtney Grisham resides in Frisco, Texas, and in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

## COMMON ENTERPRISE

11.     Defendants Disruption Theory and Emergent Technologies (collectively, "Corporate Defendants") have operated as a common enterprise while engaging in the deceptive acts and practices alleged below.  The Corporate Defendants have conducted the business practices described below through an interrelated network of companies that have common websites, business purposes, and are under common control.  Because these Corporate Defendants have operated as a common enterprise, each of them is liable for the acts and practices alleged below.  Defendants Marc and Courtney Grisham have formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise.

## COMMERCE

12.     At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

### Overview

13.     Since at least 2015, Defendants have engaged in deceptive practices in the offer and sale of inmate calling plans.  On the Inmate Call websites, Defendants advertise that for a fixed price consumers will receive an unlimited number of minutes for inmate calls during a specified period of time.  However, Defendants do not deliver on that promise in exchange for consumer payments.  Instead, Defendants take consumers' money and redirect consumers to pay

specialized telecommunications companies under contract with correctional facilities ("Specialized Service Providers"), who do not offer unlimited minutes for a fixed price.  In addition, although Defendants are not affiliated with Specialized Service Providers, Defendants falsely claim to be affiliated with them.

14.     Defendants target individuals who rely on inmate calling services to stay in touch with their incarcerated friends or family members.  During the COVID-19 pandemic, when in-person visitation was suspended, Defendants attempted to profit from the crisis by advertising a purported "extended sale" of their nonexistent calling plans.

15.     Because a disproportionate number of incarcerated individuals are from communities of color or lower-income communities, many of the consumers harmed by Defendants' practices are likely from these communities.

16.     Defendants' false claims induce consumers to pay for their nonexistent calling plans.  Since at least 2016, Defendants have taken at least $1 million dollars from consumers. Defendants' conduct triggered hundreds of consumer complaints to the FTC, the Better Business Bureau, and other entities.

### No Unlimited Minutes for Inmate Calls

17.     Specialized Service Providers charge for inmate calls by the minute at predetermined rates.  No Specialized Service Provider offers calling options for unlimited minutes for a fixed price.

18.     Specialized Service Providers offer inmates the option to place outgoing collect or prepaid account calls.  Collect calls charge the person accepting the call.  Calls made using prepaid accounts deduct the cost of the calls from a pre-funded account.

19.     Collect and prepaid account calls both incur charges by the minute at rates that vary across correctional facilities in the United States.  The Federal Communications Commission sets rate caps on interstate calls.

**Defendants' False Claim Regarding Unlimited Minutes**

20.       Paying per-minute for inmate calls is expensive, and many consumers report seeking cheaper alternatives.  Defendants' websites, which promise "unlimited" minutes for a fixed price for a specified period of time, advertise their services as providing a cost-effective way to stay connected to incarcerated individuals.  Defendants' websites offer "unlimited" minutes ranging from one month of "unlimited" minutes for $29.97, three months of "unlimited" minutes for $49.97, to twelve months of "unlimited" minutes for $89.97.

21.       The Inmate Call websites, both of which are domains registered to and paid for by Marc Grisham, are nearly identical.  Both have the same color scheme, layout, graphics, and the same offer of "unlimited" minutes calling plans.  Examples from the inmatecallsolutions.com Landing Page are shown below in Figures 1 and 2.



**Figure 1**: Portion of Landing Page of inmatecallsolutions.com captured by an FTC investigator on April 4, 2020



**Figure 2**: Portion of Landing Page of inmatecallsolutions.com captured by an FTC investigator on April 4, 2020

22.　Defendants include the following statements in their advertisements on the Inmate Call websites:

- "1 MONTH UNLIMITED Mins"
- "3 Months – w/UNLIMITED Minutes"
- "90 DAYS OF UNLIMITED TALK"
- "365 DAYS OF UNLIMITED TALK"
- "'UNLIMITED MINUTES' We do not charge 'per-minute'."

23.　As consumers move from the landing page to subsequent pages of the website during the online purchase process, Defendants state repeatedly that their services provide access to "unlimited" minutes for a fixed price for a specified period of time.

24.　Consumers begin the purchase process by clicking on the "SELECT PLAN" button to choose the one-, three-, or twelve-month plan for purchase, as shown above in Figure 2. Next, consumers land on a Plan Order Page, shown in Figure 3 below, in which Defendants prompt consumers to click "Order Now" on their selected plan.  Defendants state that each offered plan provides access to "UNLIMITED Mins" for a fixed price for the specified period of time.

COMPLAINT                                                                                                6

1
2
3
4
5
6
7
8
9
10



**Figure 3**: Portion of Plan Order Page of inmatecall.com captured by an FTC investigator on April 4, 2020

11
12      25.     After selecting a plan for purchase, consumers land on an Order Summary Page.
13   For example, as shown below in Figure 4, Defendants confirm that the calling plan the consumer
14   has selected for purchase will provide access to "Unlimited Mins" for "30 DAYS" in exchange
15   for a fixed cost.

16
17
18
19
20
21
22
23
24



**Figure 4**: Portion of Order Summary Page of inmatecall.com captured by an FTC investigator on April 4, 2020

25
26      26.     To complete their purchase, Defendants ask consumers for their name, address,
27   phone number, email address, and billing address.  Consumers are also asked to create an
28

account on the Inmate Call websites.  Defendants collect payment by debit card, credit card, money transfer service Zelle, and an application called Cash.  In addition to the advertised cost for the selected calling plan, Defendants charge consumers various taxes and fees, including "activation," "local provisioning," and "setup" fees.

27.     After charging consumers, Defendants inform them that they will have to open and fund a prepaid account with the Specialized Service Provider approved by their correctional facility.  Defendants do not provide access to "unlimited" minutes for the fixed price paid, and consumers learn that they will be required to pay a Specialized Service Provider on a per-minute basis in order to receive inmate calls.

28.     Defendants' representations that they will provide consumers with access to unlimited minutes for a fixed price for a specified period are false.  Defendants do not provide such a service.

29.     When consumers learn that they will not receive access to the promised unlimited minutes, many attempt to cancel their accounts and obtain a refund.  Although many consumers try calling the customer service phone numbers listed on the Inmate Call websites, they find it difficult to reach a live person and many never receive refunds.  Some consumers attempt to get their money back by initiating chargebacks with their credit card companies.

**Defendants' False Claims Regarding Affiliation with Specialized Service Providers**

30.     Defendants display the names, websites, and registered trademarks of Specialized Service Providers Global Tel*Link Corporation ("GTL"), Inmate Calling Solutions, LLC ("ICS"), and Securus Technologies, Inc. ("Securus") on the Inmate Call websites to bolster their credibility and induce consumers to purchase the advertised plans.

31.     For example, Figures 5-9 below show Defendants' use of those names and registered trademarks on the Inmate Call websites.

1
2
3
4
5
6
7
8
9



10 **Figure 5:** Portion of inmatecall.com displaying GTL name and GTL's website address (captured
11 by an FTC investigator on April 21, 2020)
12
13



14
15
16
17
18
19
20
21
22 **Figure 6**: Portion of inmatecall.com displaying Securus' website address (captured by an FTC
23 investigator on April 21, 2020)
24
25
26
27
28

COMPLAINT                                                                                    9

**Figure 7:** Portion of inmatecall.com displaying ICS's name and website address (captured by an FTC investigator on September 11, 2019)




**Figure 8**: Portions of inmatecall.com displaying GTL's logos (captured by an FTC Investigator on April 21, 2020)



**Figure 9**: Portion of inmatecall.com displaying Securus' logo (captured by an FTC Investigator on April 21, 2020)

32.     Defendants' claims of affiliation with GTL, ICS, and Securus are false. Defendants are not affiliated with GTL, ICS, or Securus.

**Role of Individual Defendants Marc and Courtney Grisham**

33.     At all times material to this Complaint, acting alone or in concert with others, Defendants Marc and Courtney Grisham have formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Disruption Theory and Emergent Technologies, including the acts and practices described in this Complaint.

34.     Defendants Marc and Courtney Grisham formed, or caused to be formed, Disruption Theory and Emergent Technologies, both of which obtain payment processing services for the Inmate Call websites. Defendant Courtney Grisham has identified herself as the President, Director, and Ultimate Beneficial Owner of Disruption Theory. Defendant Marc Grisham was the Manager of Disruption Theory.

35.     Defendants Marc and Courtney Grisham control the business activities and finances of Disruption Theory. Defendant Courtney Grisham opened an account with payment processing company Skrill USA, Inc. ("Skrill") for Disruption Theory. She signed a W-9 Request for Taxpayer Number and Certification Transaction for Disruption Theory. The funds from sales generated through the Inmate Call websites and processed through Disruption Theory were deposited into bank accounts for which Defendant Marc Grisham and/or Courtney Grisham were signatory authorities.

36.     Defendant Marc Grisham controls the Inmate Call websites. He registered the domains for the Inmate Call websites, and he paid for the registrations and renewals of those domains with a credit card bearing his name.

37.     Defendants Marc and Courtney Grisham were notified about consumer complaints regarding misrepresentations and fraudulent conduct on the Inmate Call websites. In April 2019, the Denver Better Business Bureau ("BBB") submitted a letter through inmatecall.com's customer service portal. That letter stated the BBB's concerns about the amount and pattern of consumer complaints it received regarding Defendants' misrepresentations

COMPLAINT                                                                                           11

on the Inmate Call websites.  The BBB received confirmation that inmatecall.com received its letter.

38.     In October 2019, Skrill informed Courtney Grisham that Disruption Theory's account would be terminated for excessive chargeback activity, and terminated the account in November 2019.

39.     As early as 2010, GTL, ICS, and/or Securus have notified Defendants Marc and Courtney Grisham to cease using its registered trademarks.

40.     Based on the facts and violations of the law alleged in this Complaint, the FTC has reason to believe that Defendants are violating or are about to violate laws enforced by the Commission.

### VIOLATIONS OF THE FTC ACT

41.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

42.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I

### Deceptive Misrepresentation Regarding Unlimited Minutes

43.     In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of inmate calling plans, Defendants represent, directly or indirectly, expressly or by implication, that Defendants provide consumers with access to an unlimited number of minutes for inmate calls for a set period at a fixed price.

44.     In truth and in fact, Defendants do not provide consumers with access to an unlimited number of minutes for inmate calls for a set period at a fixed price.

45.     Therefore, Defendants' representation as set forth in Paragraph 43 is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

1

**Count II**

2

**Deceptive Misrepresentations of Affiliation with Specialized Service Providers**

3       46.    In numerous instances in connection with the advertising, marketing, promotion,

4 offering for sale, or sale of inmate calling plans, Defendants represent, directly or indirectly,

5 expressly or by implication, that they are affiliated with Global Tel*Link Corporation, Inmate

6 Calling Solutions, LLC, or Securus Technologies, Inc., which are inmate calling service

7 providers contracted with correctional facilities.

8       47.    In truth and in fact, Defendants are not affiliated with Global Tel*Link

9 Corporation, Inmate Calling Solutions, LLC, or Securus Technologies, Inc.

10       48.    Therefore, Defendants' representations as set forth in Paragraph 46 are false and

11 misleading and constitute a deceptive act or practice in violation of Section 5(a) of the FTC Act,

12 15 U.S.C. § 45(a).

13

**CONSUMER INJURY**

14

15       49.    Consumers are suffering, have suffered, and will continue to suffer substantial

16 injury as a result of Defendants' violations of the FTC Act.  In addition, Defendants have been

17 unjustly enriched as a result of their unlawful acts or practices.  Absent injunctive relief by this

18 Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm

19 the public interest.

20

**THIS COURT'S POWER TO GRANT RELIEF**

21       50.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant

22 injunctive and such other relief as the Court may deem appropriate to halt and redress violations

23 of any provision of law enforced by the FTC.  The Court, in the exercise of its equitable

24 jurisdiction, may award ancillary relief, including rescission or reformation of contracts,

25 restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and

26 remedy any violation of any provision of law enforced by the FTC.

27

28

COMPLAINT                                                                                                13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

A.      Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including temporary and preliminary injunctions and an order freezing assets;

B.      Enter a permanent injunction to prevent future violations of the FTC Act by Defendants;

C.      Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

D.      Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

Dated:  October 5, 2020                    */s/ Diana Chang*

N. Diana Chang
Emily Cope Burton
Sarah Schroeder
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
(415) 848-5100

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION